# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

CASE NO. *3: 19cv1780 VAB*

**PLAINTIFF(S)** [Write the name(s) of the person(s) complaining]

JUSTIN C. MUSTAFA

_____

_____

_____

_____

NOV 8 2019 PM 12:37
FILED-USDC-CT-HARTFORD

vs.

**DEFENDANT(S)** [Write the name(s) of the person(s) you are suing.   If you do not know a name, write "John Doe" or "Jane Doe."   Include the defendant's rank or title if you know it.]

CAPTAIN STANLEY (WALKER C.I.)

CCS EBONIE SUGGS (WALKER C.I.)

C/O BYARS (GARNER C.I.)

C/O PELITIER (GARNER C.I.)

LT. SWAN (GARNER C.I.)

Complete every section and **SIGN THE LAST PAGE.**

*Revised 4/13/18*

## A. JURISDICTION

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim.   There are two possibilities.   Check one.

I can bring my complaint in federal court because I am suing:

1.  _____✓_____ State, county or city employees for violating my federal rights under 42 U.S.C. Sec. 1983/1985/1986; OR

2.  _____ Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.

\* TORTS : ASSAULT ¢ OBSTRUCTION OF JUSTICE

## B. PLAINTIFF (THE PERSON FILING THIS COMPLAINT)

If there is more than one plaintiff, attach additional pages.   Provide items a, b, and c for each plaintiff.

1.  First Plaintiff
    a.  Full Name: JUSTIN CURTIS MUSTAFA

    b.  Inmate Number: WIO58S6 (MA)   428663 (CT)

    c.  Correctional facility: MCI - CEDAR JUNCTION, WALPOLE, MA.

2.  Second Plaintiff
    a.  Full Name:

    b.  Inmate Number:

    c.  Correctional facility:

## C. DEFENDANT (THE PERSON WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)

If you are suing more than one person, attach additional pages.   Provide items a, b, and c for each defendant.

1.  First Defendant
    a.  Full Name: STANLEY

*Revised 4/13/18*

2

      b.    Rank or Title: CAPTAIN

      c.    Workplace: WALKER C.I.

2. Second Defendant
      a.    Full Name: EBONIE SUGGS

      b.    Rank or Title: CCS

      c.    Workplace: WALKER C.I.

3. Third Defendant
      a.    Full Name: BYARS

      b.    Rank or Title: C/O

      c.    Workplace: GARNER C.I.

4. Fourth Defendant
      a.    Full Name: PELITIER

      b.    Rank or Title: C/O

      c.    Workplace: GARNER C.I.

5. Fifth Defendant
      a.    Full Name: SWAN

      b.    Rank or Title: LIEUTENANT

      c.    Workplace: GARNER C.I.

6. Sixth Defendant
      a.    Full Name:

      b.    Rank or Title:

      c.    Workplace:

## D.  REASON FOR COMPLAINT

**WARNING:   Contact Inmate Legal Aid Program.   Common mistakes can get your**
*Revised 4/13/18*

**case dismissed as frivolous or for failure to state a good legal claim.** If this happens, you will still have to pay the filing fee, even if you are proceeding in forma pauperis. To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Aid Program before you file.

1. Failure to use the prison grievance process before suing. If you have not followed all the steps in the grievance process before you come to court, the defendants may ask the Court to dismiss your claims for "failure to exhaust administrative remedies."

2. Complaining about incidents that happened a long time ago: If you are suing about events that happened more than three years ago, the defendants may ask the Court to dismiss your case under the "statute of limitations."

3. Suing people who were not personally involved: You can generally only sue defendants who were directly involved in harming you. In order to sue a supervisor, you must usually show that the supervisor knew about the actions of other defendants and failed to stop them.

4. Suing defendants who have immunity to suit for money damages: You generally cannot sue the following people and entities for money damages: the State of Connecticut; agencies of the state (like the Department of Correction); the United States government; the President of the United States (for actions taken while President); judges (for actions taken in connection with judicial duties); parole board officers (for actions taken in imposing parole conditions or revoking parole); prosecutors (for actions taken in performing duties integral to the criminal judicial process). If you think you have a claim for money damages against such people or entities, check with Inmate Legal Aid Program first. If you name defendants who are immune to suit from money damages and your suit is dismissed on that basis, you will lose your filing fee.

5. Complaining about a criminal conviction or prison disciplinary proceeding that resulted in loss of good time credits or other change to your time in prison. If winning your claims "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims under Section 1983 unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding. See *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Please note that this is not a complete list of the problems you might encounter with your case. The Court cannot give you legal advice and will not appoint a lawyer for you until it is clear that you have a good legal claim. Until then, your best strategy is to call the Inmate Legal Aid Program before you file a complaint. If Inmate Legal Aid Program says you do not have a good case, you should consider that advice very seriously.

Now you need to explain how your federal rights were violated (remember that not every
*Revised 4/13/18*

violation of state law or prison regulations amounts to a violation of federal law).   What you need to tell the Court is who did what, when they did it, and how you were harmed.

You do not need to cite to the Constitution, any statutes, or any cases.   However, it is important to be specific about dates, times, and the names of the people involved.   It is helpful to put each important fact in a separate, numbered paragraph.

If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person - for example, gender, rank and shift.   If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe2, and so on.

Here is an example of the proper way to describe your claims:

Example of Statement of Case
1. On April 12, 2015, I fell and injured my foot during a basketball game with other prisoners.
2. After the game, I asked Defendant CO Brian Smith to let me see the nurse.   Defendant CO Brian Smith told me that I could not see the nurse because it was not an emergency.
3. During the afternoon, my foot became swollen and very painful.
4. At about 5 p.m., in the presence of my cellmate Bill Bloggs, I told Defendant Lieutenant Jane Doe, who was the shift supervisor, that I needed a doctor and showed her my swollen foot.
5. Defendant Lieutenant Jane Doe brought me two Tylenol and told me that I could not see the nurse until sick call the next morning.
6. The next day, I could not get out of bed because my foot was so swollen and painful. I had to go to hospital and have an operation to fix my foot.
7. I had to take pain medication for two months after the operation and have needed a walking stick for support since that time.
Now describe your claims.

Statement of Case
1. ON DECEMBER 12, 2018 I WAS TRANSFERRED FROM SOUZA-BARANOWSKI CORRECTIONAL CENTER IN MASSACHUSETTS TO WALKER CORRECTIONAL INSTITUTION IN SUFFIELD CONNECTICUT PURSUANT TO AN INTERSTATE CORRECTIONS COMPACT AGREEMENT.
2. UPON MY ARRIVAL AT WALKER C.I. I WAS TOLD BY STAFF THAT I WOULD UNDERGO THE CLASSIFICATION PROCESS THERE.
3. ON 1-8-19 I MET WITH B-1 UNIT MANAGER CAPTAIN STANLEY WHO INFORMED ME THAT A HEARING WAS SCHEDULED FOR 1-11-19 TO DETERMINE MY NEEDS FOR SEX OFFENDER TREATMENT.

Revised 4/13/18
5

4. I EXPLAINED TO CAPTAIN STANLEY THAT I WAS A INTERSTATE PRISONER FROM MASSACHUSETTS AND THAT I WAS NOT REQUIRED TO TAKE PART IN SEX OFFENDER TREATMENT IN MY HOME STATE.

5. I ALSO EXPLAINED TO CAPTAIN STANLEY THAT I HAD NO CRIMINAL CASES IN CONNECTICUT, THAT I WAS NOT SERVING TIME FOR ANY SEXUALLY RELATED CRIMES, AND THAT I WAS NOT A CONVICTED SEX OFFENDER.

6. CAPTAIN STANLEY INFORMED ME THAT A HEARING WOULD STILL BE HELD ON 1-11-19 TO DETERMINE MY NEEDS FOR SEX OFFENDER TREATMENT.

7. I TOLD CAPTAIN STANLEY THAT I WOULD LIKE SOME TIME TO HAVE AN OPPORTUNITY TO CONTACT A LAWYER TO REPRESENT ME AT MY HEARING.

8. CAPTAIN STANLEY SAID THAT I WOULD NOT BE ALLOWED TO HAVE A LAWYER REPRESENT ME AT THE HEARING.

9. ON 1-11-19 I WAS BROUGHT INTO A ROOM ON THE B-1 UNIT WITH CAPTAIN STANLEY AND C.C.S. SUGGS.

10. C.C.S. SUGGS INFORMED ME THAT I WAS GOING TO RECEIVE A SEX OFFENDER CLASSIFICATION SCORE BASED ON NON-CONVICTION INFORMATION. AFTER RECEIVING MY OAP I NOTICED THAT MRS. SUGGS SINGED OFF ON THIS ON 1-9-19 AND BEFORE MY HEARING.

If you need more space, attach additional pages, but be as brief as possible.

## E.    REQUEST FOR RELIEF

Tell the court what kind of relief you want.  **Remember**: (1) You can only get money damages for mental or emotional injury if you were also physically injured; (2) Money damages may be reduced to pay restitution to victims of your crime and fees for a court-appointed attorney, if you had one; (3) You cannot use a Section 1983 or *Bivens* action to request release from custody, a reduction in your sentence, or a restoration of good time credits.   For any of these, you must request a Writ of Habeas Corpus.

*Revised 4/13/18*

11. ON MARCH 11, 2019 I WAS TRANSFERRED TO GARNER C.I. IN NEWTOWN CONNECTICUT.

12. I BEGAN IMMEDIATELY HAVING PROBLEMS WITH OTHER INMATES AND STAFF DUE TO MY SEX OFFENDER STATUS.

13. ON MAY 25, 2019 I WAS HOUSED IN F BLOCK CELL # 124 WHEN A LIEUTENANT BYARS (THEN OFFICER) BEGAN TO HARRASS ME VERBALLY.

14. AT APPROXIMATELY 4:45 PM OFFICER BYARS APPROACHED MY CELL TO DELIVER MY MEAL. OFFICER BYARS TOLD ME I WAS "ALL SET" AND DENIED ME MY DINNER.

15. AFTER OFFICER BYARS DELIVERED DINNER TO ALL OF THE OTHER INMATES ON THE BOTTOM TIER HE RETURNED TO MY CELL WITH ONE FOOD TRAY AND ONE JUICE.

16. OFFICER BYARS SAID HE BROUGHT ME A "SPECIAL TRAY" INDICATING THAT HE MIGHT HAVE CONTAMINATED IT.

17. WHEN OFFICER BYARS OPENED MY TRAP DOOR ON MY CELL I HELD THE WICKET AND ATTEMPTED TO REFUSE MY MEAL.

6B

18. AT THIS TIME OFFICER BYARS PLACED THE 5 TO 6 INCH METAL TRAP KEY BETWEEN HIS KNUCKLES AND BEGAN TO STAB MY LEFT HAND MULTIPLE TIMES.

19. AFTER OFFICER BYARS PUNCTURED MY MIDDLE FINGER ALL THE WAY THROUGH WITH THE KEY I ATTEMPTED TO LIFT THE TRAP TO PROTECT MY HAND FROM THE ASSAULT.

20. AT THIS TIME OFFICER BYARS ATTEMPTED TO BREAK MY HAND BY USING THE TRAP DOOR AS A VICE.

21. AFTER FINALLY FREEING MY HAND FROM THE TRAP OFFICER BYARS CLOSED MY WICKET AND CASUALLY WALKED BACK TO THE OFFICER STATION.

22. INITIALLY OFFICER BYARS REFUSED TO NOTIFY A SUPERVISOR, BUT AFTER SEVERAL OF MY REQUESTS MEDICAL STAFF AND LIEUTENANT SWAN ARRIVED.

23. MEDICAL STAFF DETERMINED THAT MY INJURIES WERE SEVERE ENOUGH THAT I HAD TO BE TRANSPORTED TO AN OUTSIDE HOSPITAL.

6C

24.  I MADE SEVERAL REQUESTS TO LIEUTENANT
     SWAN TO ALLOW ME TO CONTACT THE STATE
     POLICE TO NOTIFY THEM OF MY ASSAULT, LT.
     SWAN DENIED MY REPEATED REQUESTS

25.  ON 5-26-19, THE VERY NEXT DAY, I WAS HOUSED
     IN CELL #517 ON THE IN PATIENT MEDICAL UNIT
     WHEN CORRECTIONAL OFFICER PELITIER APPROACHED
     MY CELL DURING DINNER WITH A CUP OF JUICE.

26,  OFFICER PELITIER MADE SOME RUDE COMMENTS TO
     ME REGUARDING MY INCIDENT THE DAY PRIOR WITH
     OFFICER BYARS AND HOW I WAS ATTEMPTING TO
     CONTACT THE POLICE.

27.  AT THIS TIME OFFICER PELITIER PLACED THE FULL
     CUP OF JUICE ON THE OPEN TRAP AND SLAMED
     IT CLOSED USING THE WICKET AS A CATAPULT
     TO LAUNCH THE JUICE INTO MY FACE.

28.  LATER ON IN THE EVENING OF 5-26-19 LT.
     SWAN CONDUCTED A TOUR OF THE IN
     PATIENT MEDICAL UNIT. I TOLD HIM ABOUT
     WHAT OFFICER PELITIER HAD DONE WITH THE
     JUICE AND AGAIN ASKED HIM TO CONTACT THE
     POLICE.

6D

29. LT. SWAN TOLD ME THAT I WAS "SHIT OUT OF LUCK" AND THAT I WOULD SEE NO RELIEF BECAUSE HE WAS THE ONE IN CHARGE OF THE INVESTIGATION.

30. LT. SWAN TOLD ME THAT ~~HISSELF~~ HIMSELF, OFFICER BYARS, AND OFFICER PELITIER WERE ALL CADETS IN THE SAME POLICE ACADEMY AND WERE ALL FRIENDS.

31. SINCE THIS INCIDENT I HAVE BEEN DIAGNOSED WITH LONGLASTING ULNAR NERVE DAMAGE BY MULTIPLE DOCTORS.

32. I HAVE BEEN REFERRED TO AN ORTHOPEDIC HAND SPECIALIST AT UCONN HOSPITAL AND STILL HAVE NO FEELING IN TWO OF MY FINGERS AND WRIST.

F.     DO YOU WISH TO HAVE A JURY TRIAL?   YES __✓__   NO_____

G.     DECLARATION UNDER PENALTY OF PERJURY

Warning: You must sign this or your complaint will not be filed.

By signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge.   I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000.   See 18 U.S.C. Sections 1621, 3571.

Signature: _Josh C. Mustee_

Signed at _MCI - CEDAR JUNCTION_ on _10-26-19_
                    (Location)                              (Date)

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it.   **The complaint cannot be filed without a signature from each plaintiff.**

H.     FINAL INSTRUCTIONS

WARNING: Your complaint will not be filed unless you complete each of these steps:

    1.     Answer all questions on the complaint form.

    2.     Sign the Declaration under Penalty of Perjury on p. 7

Remember, the Clerk cannot file your complaint unless you take all of the steps above.

*Revised 4/13/18*

7