## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| JUSTIN C. MUSTAFA,<br>　　　*Plaintiff*,<br><br>　　　v.<br><br>CAPTAIN STANLEY, *et al.*,<br>　　　*Defendants*. | No. 3:19-cv-1780 (VAB) |

## RULING ON MOTION FOR RECONSIDERATION

Justin C. Mustafa ("Plaintiff"), a *pro se* plaintiff currently incarcerated at the Souza-Baranowski Correctional Center ("Souza-Baranowski") in Massachusetts, moves for reconsideration of the Court's Order denying Mr. Mustafa's motion to appoint counsel. Mot. for Reconsideration, ECF No. 13 (July 23, 2020) ("Mot.").

On November 8, 2019, Mr. Mustafa filed a Complaint under 42 U.S.C. § 1983. Compl., ECF No. 1 (Nov. 8, 2019). Mr. Mustafa stated that, in 2018, he had been transferred from Souza-Baranowski under an interstate compact to Walker Correctional Institution in Connecticut, and in 2019, had been transferred to Garner Correctional Institution, also in Connecticut. *Id.* at 5, 7. The Complaint set forth claims against five Department of Correction officials at both Connecticut facilities. *Id.* at 2-3. The Complaint noted that at the time of filing, Mr. Mustafa was incarcerated at MCI Cedar Junction, in Walpole, Massachusetts. *Id.* at 2.

That same day, Mr. Mustafa filed a motion for leave to proceed *in forma pauperis*, ECF No. 2 (Nov. 8, 2019), and a motion to appoint counsel, ECF No. 3 (Nov. 8, 2019) ("First Mot."). Mr. Mustafa argued that he required court-appointed counsel "[d]ue to his inexperience, procedural differences between [Connecticut and Massachusetts], and the severity of the

Complaint," and noted further that "the Massachusetts [Department of Correction] does not recognize the E-filing method used by Connecticut prisons so a considerable amount of communication will be needed with the Clerk's office." First Mot. at 2.

On November 25, 2019, Magistrate Judge William Garfinkel notified Mr. Mustafa that the prisoner authorization form submitted with his motion for leave to proceed *in forma pauperis* was insufficient and ordered him to correct the insufficiency. Notice, ECF No. 6 (Nov. 25, 2019).

On December 16, 2019, Mr. Mustafa submitted an updated prisoner authorization form. Prisoner Authorization Form, ECF No. 7 (Dec. 16, 2019).

On December 18, 2019, Magistrate Judge Garfinkel granted Mr. Mustafa's motion for leave to proceed *in forma pauperis*. Order, ECF No. 8 (Dec. 18, 2019).

On June 19, 2020, the Court issued an Initial Review Order of Mr. Mustafa's Complaint, allowing his federal Eighth Amendment and Fourteenth Amendment claims, as well as his state law assault claims, to proceed against various Defendants. Initial Review Order, ECF No. 9 (June 19, 2020) ("IRO").

That same day, the Court denied without prejudice to renewal Mr. Mustafa's motion to appoint counsel. Order, ECF No. 10 (June 19, 2020) ("Order"). The Court denied the motion on the grounds that that Mr. Mustafa had "focuse[d] his request on his limited knowledge of the procedural differences between Massachusetts and Connecticut" and did not "mention his ability to afford counsel nor . . . whether he ha[d] attempted to contact any attorneys on his own"; and that it was "unclear whether Mr. Mustafa ha[d] sought assistance from the Inmates' Legal Aid Program." *Id.* at 1.

On July 23, 2020, Mr. Mustafa moved for reconsideration of the Order. Mot.

## I.     STANDARD OF REVIEW

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. *See Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) ("A party has no constitutionally guaranteed right to the assistance of counsel in a civil case."). Rather, the decision to appoint *pro bono* counsel in a civil case is discretionary. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (district judges are afforded "[b]road discretion" in determining whether to appoint *pro bono* counsel for an indigent litigant in a civil case) (internal citation omitted); *see also* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

The Second Circuit has "caution[ed] [district courts] against [the] routine appointment of counsel," given the limited volunteer attorney resources available. *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989); *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 205-06 (2d Cir. 2003). Before appointment is considered, the indigent person must demonstrate that he is unable to obtain counsel. *Hodge*, 802 F.2d at 61 ("[T]he language of the statute itself requires that the indigent be unable to obtain counsel before appointment will even be considered.").

In considering whether to appoint *pro bono* counsel for a litigant who has demonstrated his indigence, courts must "first determine whether the indigent's position seems likely to be of substance." *See id*. The Second Circuit has made clear that "[e]ven where the [indigent litigant's] claim is not frivolous, counsel is often unwarranted where the [litigant's] chances of success are extremely slim." *Cooper*, 877 F.2d at 172*; see Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001) ("Even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and

his chances of prevailing are poor."); *cf. Johnston v. Maha,* 606 F.3d 39, 41-42 (2d Cir. 2010) (granting petition for appointment of counsel where the legal issues raised were "fairly complex" and would be of "substantial assistance" to the court).

If the claims are sufficiently meritorious, courts should then consider other factors bearing on the need for appointment of counsel, including the movant's "ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented . . . , the [movant's] ability to present the case, [and] the complexity of the legal issues involved." *Hodge*, 802 F.2d at 61-62.

## II. DISCUSSION

Mr. Mustafa moves this Court to reconsider its denial of his first motion to appoint counsel on several grounds.

First, he argues that he is "unable to abide by" the Court's order in its Initial Review Order that he utilize the Prisoner E-Filing System "due to his housing as a Massachusetts state prisoner where he has been told that no such program exists." Mot. at 2. He states that he "has contacted Prisoners' Legal Program in Massachusetts, his facilit[y's] record department, [the] librarian, and [the] unit counselor who have all advised him that no such program is available to him in . . . Massachusetts." *Id.*

Second, he argues that he cannot afford counsel on his own, he has "less than $200.00 in his prison commissary account." *Id.* at 2-3.

Third, he argues that he has "reached out to multiple organizations in Connecticut and Massachusetts for their assistance without any luck," including "[the] Inmate Legal Assistance Program, Prisoners' Legal Services, and Yale Law School." *Id.* at 3.

Finally, he argues that the "multitude of procedural differences between Connecticut and Massachusetts" weighs in favor of granting him counsel. *Id.*

Given that he is proceeding *in forma pauperis*, Mr. Mustafa has demonstrated that he is indigent and "unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Hodge*, 802 F.2d at 61. The Court therefore turns to whether Mr. Mustafa's claims are of substance and, if so, if the balance of factors weighs in favor of appointing him counsel.

The Court has reviewed Mr. Mustafa's Complaint and has allowed Mr. Mustafa's case to proceed on several claims, including his Eighth Amendment claim based on misuse of force by Lieutenant Swan and Officers Byars and Pelitier in their individual capacities, his Eighth Amendment claim based on deliberate indifference to his medical needs by Officer Byars, his Fourteenth Amendment due process claims against Captain Stanley and CCS Suggs, and his state law assault claims against Officers Byars and Pelitier. *See* IRO at 13. Though the Court has not yet engaged in fact-finding at this early stage in the case, the Court concluded in its Initial Review Order that Mr. Mustafa's Complaint had made a plausible case with respect to each of his remaining claims. *See id.* at 5-11. Given these conclusions on initial review of the Complaint, Mr. Mustafa's claims seem sufficiently "likely to be of substance" to warrant the appointment of counsel. *Hodge*, 802 F.2d at 61.

As to other factors bearing on the need for appointment of counsel, the Court recognizes the difficulty that Mr. Mustafa faces as an incarcerated individual who lacks legal experience without the representation of counsel, particularly given his alleged inability to access an electronic filing system at his Massachusetts facility and the procedural difficulties that may result from the interstate nature of the proceeding. *See* Mot. at 2. The Court also recognizes that Mr. Mustafa's case is proceeding under three separate legal doctrines, both federal and state,

against five separate defendants, indicating some complexity in the legal issues involved. *See Johnston,* 606 F.3d at 42 ("The legal issues raised here, along with the difficulties that this Court faces in many *pro se* matters, support our conclusion that appointment of counsel is warranted." (citing *Hodge*, 802 F.2d at 61)).

The Court further recognizes that Mr. Mustafa has stated that he has sought the assistance of various counsel, including an inmate assistance program, without avail. Mot. at 3.

The Court therefore finds that these factors weigh in favor of appointing counsel.

For the foregoing reasons, the Court concludes that the appointment of counsel is warranted.

The motion for reconsideration is hereby **GRANTED**. The Clerk of Court is directed to appoint *pro bono* counsel for Plaintiff.

**SO ORDERED** at Bridgeport, Connecticut, this 6th day of November, 2020.

   /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

6