

22-2187
*Mustafa v. Pelletier*

**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of November, two thousand twenty-three.

Present:
    PIERRE N. LEVAL,
    BARRINGTON D. PARKER,
    WILLIAM J. NARDINI,
        *Circuit Judges.*

_____

JUSTIN C. MUSTAFA,

      *Plaintiff-Appellee*,

      v.                                      22-2187

CORRECTIONAL OFFICER PELLETIER, GARNER C.I.,

      *Defendant-Appellant.*[1]

_____

| | |
|---|---|
| For Defendant-Appellant: | JAMES W. DONOHUE, Assistant Attorney General, *for* William Tong, Attorney General for Connecticut, Hartford, CT |
| For Plaintiff-Appellee: | Jeffrey O. McDonald, Hassett & George, P.C., Simsbury, CT |

---

[1] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bolden, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED**.

Defendant-Appellant Correctional Officer Pelletier brings this interlocutory appeal from an order of the United States District Court for the District of Connecticut (Bolden, *J.*) entered on September 9, 2022. Plaintiff-Appellee Justin Mustafa, acting *pro se*, filed a complaint against a number of correctional officers, raising various claims based on mistreatment that he allegedly suffered while incarcerated. Only one of those claims is relevant here. Mustafa alleges that when delivering meals, Officer Pelletier placed a cup of juice on the wicket (a fold-down tray allowing food to passed through a cell door) for Mustafa's cell and deliberately catapulted the juice into his face by pushing up on the wicket. This incident, Mustafa argues, constituted the use of excessive force in violation of his Eighth Amendment right to be free of cruel and unusual punishment. Officer Pelletier (who denies that the incident happened at all) moved for summary judgment on that claim, arguing that the alleged conduct would not have risen to the level of a constitutional violation, and that in any event he was entitled to qualified immunity because it is not clearly established that such conduct would have constituted such a violation. The district court denied summary judgment, concluding that case law did not clearly answer whether Officer Pelletier's alleged actions constituted more than the *de minimis* use of force and therefore rose to the level of constitutionally excessive force; and that Officer Pelletier was not entitled to qualified immunity. Officer Pelletier now appeals. We assume the parties' familiarity with the case.

2

"[W]e review *de novo* a district court's denial of a summary judgment motion based on a defense of qualified immunity. Our review at this juncture is limited to circumstances where the qualified immunity defense may be established as a matter of law." *Papineau v. Parmley*, 465 F.3d 46, 55 (2d Cir. 2006).[2] As noted above, the parties dispute whether the incident in question occurred. But for purposes of this appeal, as all parties agree, we view the evidence in the light most favorable to Mustafa, the non-moving party, and we therefore assume that the incident occurred as he testified at his deposition.

The Eighth Amendment prohibits "the infliction of cruel and unusual punishments, including the unnecessary and wanton infliction of pain." *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000). A claim that a government official has violated the Eighth Amendment by using excessive force has both a subjective and an objective component. "The subjective component of the claim requires a showing that the defendant had the necessary level of culpability, shown by actions characterized by wantonness in light of the particular circumstances surrounding the challenged conduct." *Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016). A plaintiff may satisfy the subjective component of the Eighth Amendment test by showing that "no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct," as the mistreatment alone may, "in some circumstances, be sufficient evidence of a culpable state of mind." *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997).

The objective component of an Eighth Amendment claim focuses "on the harm done; but

---

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, alteration marks, footnotes, and citations.

the amount of harm that must be shown depends on the nature of the claim." *Sims*, 230 F.3d at 21. The core judicial inquiry with respect to the objective component does not concern the relative level of injury sustained but rather "the nature of the force—specifically, whether it was nontrivial," and with respect to the subjective component depends on whether it "was applied maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010). As the Supreme Court has explained, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) (Friendly, J.) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.")). As an objective matter, *de minimis* use of force is generally insufficient to constitute an Eighth Amendment violation except where that force is of a kind that is "repugnant to the conscience of mankind." *Wilkins*, 559 U.S. at 37–38.

Here, Officer Pelletier argues that he is entitled to qualified immunity because it is not clearly established that spilling a cup of juice on an inmate satisfies the objective component of an excessive force claim in violation of the Eighth Amendment. "Qualified immunity provides government officials immunity from suit rather than a mere defense to liability." *Looney v. Black*, 702 F.3d 701, 705 (2d Cir. 2012). To overcome a qualified immunity defense, we have determined that a plaintiff must show "(1) the violation of a constitutional right and (2) that the constitutional right was clearly established at the time of the alleged violation." *Huth v. Haslun*, 598 F.3d 70, 73 (2d Cir. 2010). With respect to the second prong, "[w]e do not require a case directly on point" for a right to be clearly established, "but existing precedent must have placed

4

the statutory or constitutional question beyond debate." *Radwan v. Manuel*, 55 F.4th 101, 114 (2d Cir. 2022) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). In determining whether qualified immunity exists, courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Looking only at the second prong—that is, whether the alleged conduct violated a clearly established constitutional right—we conclude that the district court erred in denying the officer summary judgment based on qualified immunity. As the district court recognized when considering whether Mustafa had alleged a constitutional violation in the first place, "there is a mix of authority" about whether the alleged conduct was *de minimis* "as a matter of law." Sp. App'x at 26. That conclusion should have been dispositive of the qualified immunity question, because where there is nothing more than a "mix of authority" in the case law as to whether alleged conduct might or might not violate the Constitution, it cannot be said that such conduct transgresses clearly established law. We agree with the district court that there is no governing case law indicating that the conduct alleged in this case, if proved, would violate the Eighth Amendment. Accordingly, Officer Pelletier was entitled to qualified immunity.

As the district court noted, our most relevant decision is *Hogan v. Fischer*, 738 F.3d 509, 513 (2d Cir. 2013), where we held that an inmate stated a valid Eighth Amendment claim when he alleged that correctional officers sprayed him with a mixture of feces, vinegar, and machine oil, burning his eyes and leaving him with other physical injuries. We were unwilling to accept, as a matter of law, that such conduct constituted only a *de minimis* use of force, and even if it did, we

5

pointed out that it was "undoubtedly repugnant to the conscience of mankind." *Id.* at 516.  No reasonable officer would be on notice that the conduct alleged here—tossing a cup of juice—is comparable to the conduct involved in *Hogan*.  The present case involves the application of far less force, in that it was not capable of inflicting similar harm (indeed, Mustafa did not claim to have suffered any physical pain from the episode).  And the indignity of being splashed with juice cannot be placed on the same level as being sprayed with a combination of human excrement and noxious chemicals.  Indeed, in reaching our conclusion in *Hogan*, we cited with approval the Eighth Circuit's contrasting conclusions in two cases involving different allegations—the first case holding that "throwing a cup of water at [a] prisoner was *de minimis* use of force" that did not state an Eighth Amendment violation, and the second case holding that a prison guard's "use of pepper spray on prisoners confined to their cell was more than *de minimis* use of force" that did state an Eighth Amendment violation. *Id.* (*comparing Samuels v. Hawkins*, 157 F.3d 557, 558 (8th Cir. 1998) (water), *with Lawrence v. Bowersox*, 297 F.3d 727, 733 (8th Cir. 2002) (pepper spray)).[3]

In short, Mustafa points to no case law of the Supreme Court or our Court indicating that purposely spilling a cup of juice on an inmate constitutes more than a *de minimis* use of force, or that it amounts to a use of force so repugnant to the conscience of mankind, such that it violates the Eighth Amendment.  To the extent we have looked at case law from other circuits, those decisions tip in favor of Officer Pelletier's position that it would not state a constitutional violation.

---

[3] To be clear, Mustafa made no allegation that he suffered any particular consequences as a result of being splashed with juice.  For example, he did not claim that his body was soaked with juice, that he was denied a shower or change in prison garb, or that he was subjected to insects or other vermin who were attracted to sugary juice all over his body or clothing.  We, therefore, need not consider whether such allegations would call for a different result.

6

Given the state of the law, we conclude that a reasonable officer would not have been on notice that the alleged conduct would have violated Mustafa's constitutional rights. Accordingly, we hold that the district court erred in denying Officer Pelletier's motion for summary judgment based on qualified immunity.

\* \* \*

Accordingly, we **REVERSE** the judgment of the district court and direct that judgment be entered in favor of Officer Pelletier on Mustafa's Eighth Amendment claim.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit