**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| |
|---|
| JUSTIN C. MUSTAFA, |
|      *Plaintiff*, |
| |
|      v. |
| |
| CHRISTOPHER BYARS, |
|      *Defendant*. |

No. 3:19-cv-1780 (VAB)

**POST-TRIAL JURY INSTRUCTIONS (ANNOTATED)**

**INTRODUCTION**..............................................................................................................**3**

**I. GENERAL INSTRUCTIONS**...............................................................................**3**

   A.   Role of the Court..................................................................................................3

   B.   Instructions to be Considered as a Whole.............................................................4

   C.   Both Sides Entitled to a Full and Fair Hearing.....................................................4

   D.   All Persons Stand Equal Before the Law..............................................................5

   E.   Objections and Rulings........................................................................................5

   F.   Duties of the Jury.................................................................................................5

   G.   "Prove," "Find," and "Establish"..........................................................................6

   H.   Burden of Proof—Preponderance of the Evidence...............................................6

   I.   Three Forms of Evidence.....................................................................................7

   J.   What Is and What Is Not Evidence......................................................................8

   K.   Direct and Circumstantial Evidence ....................................................................9

   L.   Definition of "Inference".....................................................................................10

   M.   Expert Testimony........................................................**Error! Bookmark not defined.**

   N.   Witness Credibility—Generally...........................................................................10

   O.   Impeachment of a Witness...................................................................................11

   P.   Uncontradicted Testimony...................................................................................12

**II. THE ISSUES AND CLAIMS IN THIS CASE**.................................................**12**

   A.   42 U.S.C. § 1983.................................................................................................12

   B.   The Deliberate Indifference to Serious Medical Need Claim.................................16

   C.   The Intentional Infliction of Emotional Distress Claim .....**Error! Bookmark not defined.**

**III. DAMAGES** ...................................................................................................**18**

   A.   General Instructions ............................................................................................18

   B.   Compensatory Damages ......................................................................................19

   C.   Nominal Damages...............................................................................................22

   D.   Punitive Damages ...............................................................................................22

   E.   Mitigation...........................................................................................................24

**IV. FURTHER INSTRUCTIONS FOR DELIBERATIONS** .................................**24**

   A.   Closing Arguments..............................................................................................24

   B.   Lawyers' Arguments Are Not Evidence...............................................................25

**V. CONCLUSION**...............................................................................................**25**

**INTRODUCTION**

Members of the jury, you now have heard all of the evidence. At this point, I am going to instruct you about the law that applies to this case. At the outset, I want to express my thanks to you for the time and energy you have devoted to this trial. Jury service is rarely convenient, but without you, justice could not be done in this case.

It will take some time for me to read these instructions to you, but it is important that you listen carefully. You have been provided with a copy of my instructions so that you can read along as we go. Please feel free to write on these copies. You will be permitted to take them into the jury room with you.

My instructions will be in three parts. First, I will discuss general rules concerning the role of the court and the duty of the jury. Second, I will go over the claims in this case, identify the questions of fact that you must answer based on the evidence presented at trial, and discuss the applicable law. Third, I will give you some final rules and guidelines for your deliberations.

Before we begin, I ask you to look over the other document that was placed on your seats—namely, the verdict form. After I have given these instructions and you hear the closing arguments of counsel, you will go back into the jury room to deliberate. You will have with you the following: the original of the verdict form, copies of the original exhibits, your copies of these instructions, and any personal notes that you may have taken. At the conclusion of your deliberations, you will use the verdict form to report your verdict to the court and the parties.

I.    **GENERAL INSTRUCTIONS**

   A.  **Role of the Court**

As the judge, I perform two functions during the trial. First, I decide what evidence you may consider. You have heard me doing that throughout the trial. Second, I instruct you on the

law that you are to apply to the facts. I gave you some preliminary instructions before the trial began, and some during the course of the trial, but it is now—at the close of evidence—that most of the instructions are given, so please be patient and listen closely. If any of the lawyers state the law differently from the way I am explaining it to you, you are to follow my instructions.

### B. Instructions to be Considered as a Whole

This is a long instruction, and I may repeat certain parts. That does not mean that those parts should be emphasized. You should not single out any one part of my instructions and ignore the rest. Instead, you should consider all of the instructions as a whole and consider each instruction in light of all the others. The order in which I give you instructions does not indicate their relative importance. Do not read into these instructions, or into anything I have said or done any suggestion about what verdict you should return—that is a matter for you alone to decide.

I should also point out that, although you have been given a copy of the instructions to follow as I deliver them, if I say aloud anything at all different from what is written, you must follow what I say here in court.

### C. Both Sides Entitled to a Full and Fair Hearing

Regardless of your ultimate decision about the parties' claims and defenses, the parties in this case are entitled to a full and fair hearing. You must remember that one of the most important functions of our system is to give all the parties to a dispute a full and fair hearing, regardless of the final outcome of the case. It is your duty, therefore, to give careful thought to every issue set forth by these instructions, regardless of any feeling that you may have about which party is right.

### D. All Persons Stand Equal Before the Law

As you know, this case involves a former prisoner as well as a correctional officer. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar station in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

### E. Objections and Rulings

It is the duty of an attorney to object to testimony or other evidence that the attorney believes is not properly admissible. You should not prefer or dislike an attorney or a party because an attorney made objections, or because an attorney failed to make objections, during the trial.

If I have allowed testimony or evidence that an attorney objected to, you should not give that evidence greater or lesser weight. My rulings on objections have nothing to do with the credibility of the witnesses.

If I have sustained an objection to a question asked of a witness, you must disregard the question entirely, and may draw no inference from the question, nor speculate about what the witness would have said if he or she had been permitted to answer the question. You must disregard any testimony that I have stricken, because it is not evidence. Finally, if I instructed you to consider an item of evidence for a limited purpose only, you must follow that instruction.

### F. Duties of the Jury

It is your duty to find the facts from all of the evidence in the case. In reaching a verdict, you must carefully and impartially consider all of the evidence in the case and then apply the law as I have explained it to you. Regardless of any opinion you may have about what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any understanding

or interpretation of the law other than the one I give you. You must do your duty as jurors regardless of any personal likes, dislikes, opinions, prejudices, or sympathies that you may have. You should not, therefore, consider any personal feelings you may have about the race, religion, national origin, sex, age, wealth, lifestyle, or other features of the parties or their attorneys. In other words, you must decide the case solely on the evidence before you, and you must do so fairly and impartially. If you let sympathy or prejudice interfere with your clear thinking about the facts, there is a risk that you will not arrive at a just verdict.

The verdict you reach must be unanimous; that is, agreed upon by each of you. You each must decide the case for yourself, but do so only after impartial consideration of the evidence in the case with your fellow jurors. Your verdict must be based solely upon the evidence developed at this trial.

### G.  "Prove," "Find," and "Establish"

Throughout the remainder of my instructions to you, I will use the word "prove" when talking about what Mr. Mustafa must do in order to win this case. My use of the word "prove" means "prove by the appropriate burden of proof," even if I do not always repeat those words. Similarly, when I speak of your "finding" various facts or the parties "establishing" various facts, you must determine whether those facts have been proven by the appropriate burden of proof, even if I simply use the word "find" or "establish."

### H.  Burden of Proof—Preponderance of the Evidence

Because this is a civil case, Mr. Mustafa has the burden of proving every disputed part of his claims by a preponderance of the evidence.

To establish a fact by a preponderance of the evidence, Mr. Mustafa must prove that the fact is more likely true than not true. You will recall the example I gave you at the beginning of

this trial of the scales of justice. If you find that the credible evidence on a given issue is evenly divided between Mr. Mustafa and the Defendant, Mr. Byars, or tips in favor of the Defendant, then you must decide that issue for the Defendant. However, if Mr. Mustafa proves that a fact is more likely true than not, even slightly, then you are to find that Mr. Mustafa has proven that fact by a preponderance of the evidence.

In determining whether a claim has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have presented them. A preponderance of the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents presented.

Some of you may have heard of proof beyond a reasonable doubt, which is the standard of proof in a criminal trial. That requirement does not apply to a civil case such as this, and you should not consider or discuss that standard in your deliberations.

## I. Three Forms of Evidence

Next, I want to discuss with you generally what we mean by evidence and how you should consider it. The evidence in this case will come in three forms:

First, there is the sworn testimony of witnesses, both on direct examination and cross-examination, and regardless of who called the witness.

Second, there are the exhibits that have been received into the trial record.

Third, there are any facts to which all the lawyers have agreed or stipulated, or that I have directed you to find, for example, by taking "judicial notice" of a fact.

**J.  What Is and What Is Not Evidence**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, the stipulations, and the judicially noticed facts.

Questions are not evidence, answers are. At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded by the court also is not evidence and may not be considered by you in rendering your verdict. Further, if certain testimony was received for a limited purpose, you must follow the limiting instructions I have given for that testimony.

What the lawyers say in their opening statements, closing arguments, comments, objections, and questions is not evidence. What they say in their closing arguments is intended to help you understand the evidence and to reach your verdict. If your recollection of the facts differs from the lawyers' statements, however, you should rely on your memory.

Moreover, what I may have said during the trial or what I may say in these instructions is not evidence and my rulings on the admissibility of evidence do not indicate any opinion about the weight of such evidence. Exhibits that have been marked for identification may not be considered by you as evidence unless and until they have been received into evidence by the court. Exhibits were received into evidence either because the parties stipulated to their admission, or when I said that an exhibit was admitted as a "full" exhibit.

In addition, materials used only to refresh a witness's recollection or to demonstrate or help explain testimony are not evidence unless they are admitted as full exhibits.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

**K. Direct and Circumstantial Evidence**

There are two types of evidence that you may consider properly in reaching your verdict.

One type of evidence is direct evidence. Direct evidence includes a witness's testimony about something the witness knows by virtue of his or her own senses—something he or she has seen, felt, touched, heard, or done.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. For example, as I noted before trial, assume that when you came into the courthouse this morning the sun was shining, and it was a nice day. Assume that, because there are no windows in this courtroom, you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see or hear whether it is raining. So, you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. On the basis of your reason, experience, and common sense, you infer from one established fact the existence or non-existence of some other fact. Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all of the evidence presented. Circumstantial evidence, however, does not include guesswork or conjecture. Circumstantial

evidence consists only of the reasonable and logical inferences that you draw from other evidence in the record.

### L.  Definition of "Inference"

During the trial you may have heard the attorneys use the term "inference" and in their arguments they may ask you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists because another fact has been shown to exist.

There are times when different inferences may be drawn from the same facts, whether proved by direct or circumstantial evidence. Mr. Mustafa may ask you to draw one set of inferences, while the Defendant may ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a conclusion that you are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. Finally, you may not draw any inferences from the mere fact that this lawsuit was filed.

### M. Witness Credibility—Generally

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness? You base it on what you have seen and heard. You watched the witness testify. Everything a witness said or did not say on the witness stand counts in your determination. How did the witness impress you? Was he or she frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor—that is, his or her behavior, manner, and appearance—while testifying? Often it is not what a person says but how he or she says it that convinces us.

You should use all the tests for truthfulness that you would use in determining matters of credibility in your everyday lives. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of the witness's testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

Always remember that in assessing a witness's testimony you should use your common sense, your good judgment, and your own life experiences.

## N. Impeachment of a Witness

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony. It is

your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If a witness testified untruthfully in some respect, you may consider that fact in deciding the weight you will give to that witness's testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of each witness either in whole or in part.

### O. Uncontradicted Testimony

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not discredited or impeached. You may decide, because of the witness's manner and demeanor, the improbability of his or her testimony, or other reasons, that such testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be enough to convince you of a fact in dispute, if you believe that the witness has truthfully and accurately related what in fact occurred.

## II.    THE ISSUES AND CLAIMS IN THIS CASE

I will now instruct you on the specific claims made by the plaintiff.

Mr. Mustafa has filed two separate claims. You must consider these claims separately and apart from each other. I will begin by explaining the law applicable to the plaintiff's federal law claim, and will then instruct you on the plaintiff's state law.

### A.  42 U.S.C. § 1983

Mr. Mustafa's claims arise under Title 42 United States Code, Section 1983. This law permits a person to seek money damages against anyone who—under the apparent authority of state law—deprives that person of rights protected by the Constitution or laws of the United States. Specifically, § 1983 provides that:

> Every person who, under color of any statute . . . of any State . . .
> subjects, or causes to be subjected, any citizen of the United States .
> . . to the deprivation of any rights, privileges, or immunities secured
> by the Constitution and laws, shall be liable to the party injured in
> an action at law . . . .

Section 1983, by itself, does not establish or create any federally protected right. Rather, this statute allows Mr. Mustafa to enforce rights guaranteed to him by the United States Constitution. Before I proceed to the specific rights that Mr. Mustafa alleges were violated, I will first provide a general overview of what is required to prevail on a claim under section 1983.

Acting under Color of Law

The first element that Mr. Mustafa must prove, "acting under color of state law," simply means action that is made possible only because the actor is clothed with the authority of the state of Connecticut.[1] The Defendant, Mr. Byars, acknowledges that he was employed by the Connecticut Department of Correction during the period covered by the Complaint.

I therefore instruct you, as a matter of law, that if you find that Mr. Byars was working and was present at the time of the incidents allegedly occurred, then Mr. Byars was acting under color of state law during the time that he was on-duty.

I shall now explain the second element, the deprivation of the plaintiff's constitutional rights, in greater detail.

Deprivation of a Right

The second element that Mr. Mustafa must prove is that Mr. Byars intentionally or recklessly caused Mr. Mustafa to be deprived of a federal right. In order for Mr. Mustafa to

---

[1] "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." *United States v. Classic*, 313 U.S. 299, 326 (1941).

establish this second element, he must show that those acts that you have found Mr. Byars took under color of state law caused Mr. Mustafa to suffer the loss of a federal right; and that Mr. Byars performed these acts intentionally or recklessly, rather than accidentally.

This does not mean that Mr. Byars intentionally set out to violate someone's rights. That a person had no specific intent or purpose to deprive another of his rights will not excuse him or her from liability if those acts did, in fact, deprive a plaintiff of his rights. Mr. Mustafa is entitled to relief if Mr. Byars (1) voluntarily and deliberately acted to deprive him of his rights or (2) consciously disregarded known probable consequences in reckless disregard of Mr. Mustafa's rights.

Another way of stating reckless disregard is that a Defendant purposely disregarded the high probability that his or her actions would deprive Mr. Mustafa of his rights. If Mr. Byars intentionally or recklessly deprived Mr. Mustafa of a right, then the second element is satisfied.

Section 1983, however, is not violated if Mr. Mustafa was injured only as a result of mistake, accident, or negligence[2] on the part of Mr. Byars, even if you find that he was injured as a result of those acts.

<u>Proximate Cause</u>

The third element that Mr. Mustafa must prove is proximate cause. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of a Defendant's act.[3] If an injury was a direct result of or

---

[2] *Hendricks v. Coughlin*, 942 F.2d 109, 113 (2d Cir. 1991) ("Proof of mere negligence will not give rise to a constitutional violation.").

[3] *Noga v. City of Schenectady Police Officers*, 169 F. Supp. 2d 83, 89 (N.D.N.Y. 2001) ("'[S]ection 1983 requires that the plaintiff prove . . . that the defendant caused the deprivation of his or her [constitutional] rights.' . . . The test for proximate cause is whether the defendant's actions or his failure to act were 'substantial factor[s] in the sequence

a reasonably foreseeable consequence of Mr. Byars's acts or omissions, it was proximately caused by the act or omission. In order to recover damages for an injury, Mr. Mustafa must show by a preponderance of the evidence that the injury would not have occurred without the conduct of Mr. Byars.

Keeping these general requirements of a Section 1983 civil rights claim in mind, I will now instruct you on Mr. Mustafa's specific causes of action for violations of his rights.

## B. The Excessive Force Claim

The Eighth Amendment to the United States Constitution protects persons from being subjected to excessive force while detained. In other words, law enforcement officials may employ only the amount of force reasonably necessary under the circumstances.

In this case, Mr. Mustafa claims that he was subjected to excessive force by the Defendant Mr. Byars when Mr. Byars assaulted him on May 25, 2019. To determine whether Mr. Byars's Eighth Amendment rights were violated, you must first determine whether an assault actually took place. If you determine that Mr. Byars did use force against Mr. Mustafa by assaulting him, you must find that he did so maliciously, for the purpose of causing harm, instead of in a good-faith effort to maintain discipline.[4] You should also consider whether Mr. Alston was physically injured and the extent of those injuries. However, the use of force can violate the Eighth Amendment even if it does not cause significant injury.[5]

---

of causation and whether the injury is reasonably foreseeable or anticipated as a natural consequence' of the defendant's actions or his failure to act." (first quoting *Sanchez v. Bellefeuille*, 855 F. Supp. 587, 595 (N.D.N.Y. 1994) and then citing *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 15 (2d Cir. 2000))).

[4] *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993); *Hudson v. McMillian*, 503 U.S. 1 (U.S. 1992); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (U.S. 2010).

[5] *Hudson*, 503 U.S. at 7 ("the extent of injury suffered by an inmate is one factor that may suggest… wantonness… The absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it"); *Wilkins*, 559 U.S. at 37 (rejecting the notion that "significant injury" is a threshold requirement for stating an excessive force claim).

If you find that Mr. Mustafa has established by a preponderance of the evidence that Mr. Byars violently assaulted Mr. Mustafa, Mr. Mustafa will have established the claim of loss of a constitutional right against Mr. Byars for that defendant's use of excessive force against him.

## C. The Deliberate Indifference to Serious Medical Need Claim

Mr. Mustafa claims that Mr. Byars ignored his serious medical need. Under Section 1983, correctional facility staff may be held liable for showing deliberate indifference to an inmate's serious medical need, which would be a violation of the Eighth Amendment to the United States Constitution. When a prison official is deliberately indifferent to serious medical needs and the result is that the prisoner unnecessarily and wantonly suffers pain, that official is imposing cruel and unusual punishment, which is prohibited by the Eighth Amendment to the United States Constitution.[6]

In order to establish his claim for a violation of the Eighth Amendment through the Defendant's deliberate indifference to his serious medical needs, Mr. Mustafa must prove each of the following three elements by a preponderance of the evidence:

First, that Mr. Mustafa had a serious medical need.

Second, that Mr. Byars showed deliberate indifference to that serious medical need.

Third, that Mr. Byars's deliberate indifference harmed Mr. Mustafa.

I will now proceed to give you more information regarding the first and second of these three requirements.

First, Mr. Mustafa must show, by a preponderance of the evidence, that he had a serious medical need.

---

[6] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment." (internal quotation marks omitted)).

A serious medical need in this context is one that posed a substantial risk of serious harm to Mr. Mustafa's health. A medical condition is objectively serious if it creates a risk of death, degeneration, or extreme pain.[7]  The element asks whether a reasonable person would view the illness or injury as sufficiently serious to make the failure to treat it an unnecessary or wanton infliction of pain.

 Thus, if the illness or injury was sufficiently serious that the failure to treat it constituted the unnecessary and wanton infliction of pain, then you should find that Mr. Mustafa had a serious medical need.

If, however, the challenged deprivation of medical care did not create a serious risk of injury or harm, then you should find that Mr. Mustafa did not have a serious medical need.

Second, if you have found that Mr. Mustafa had a serious medical need, then Mr. Mustafa must show, by a preponderance of the evidence, that Mr. Byars was deliberately indifferent to that serious medical need. Mr. Mustafa must demonstrate that Mr. Byars knew of and disregarded an excessive risk to Mr. Mustafa's health or safety.

Inmates have no right to the medical treatment of their choice, so long as the prescribed treatment is based on applicable medical standards, an inmate's mere disagreement with his prescribed treatment does not afford a basis for relief under § 1983.[8]

---

[7] *Cole v. Fischer*, 416 F. Appx. 111, 113 (2d Cir. 2011) ("Deliberate indifference has two necessary components, one objective and the other subjective. Objectively, the deprivation must be 'sufficiently serious,' creating a risk of 'death, degeneration, or extreme pain.'" (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996))).

[8] *Tomarkin v. Ward*, 534 F. Supp. 1224, 1230 (S.D.N.Y. 1982) ("[A] prisoner's disagreement with his prescribed treatment does not afford a basis for relief under [§] 1983."); *see also Lewal v. Tippy*, 133 F.3d 907 (2d Cir. 1998) ("It is well-established that a prisoner is not entitled to receive the medical treatment of his choice. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment or a different doctor does not give rise to an Eighth Amendment violation." (citing *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986))).

Mr. Mustafa must show that the Defendant had facts that would enable him to draw an inference that a substantial risk of serious harm existed, that the Defendant drew that inference, and the Defendant did not provide appropriate medical care.

### D. The Assault Claim

In his second claim, Mr. Mustafa contends that the conduct of Mr. Byars constituted an assault. An assault is an act that causes another person to be placed in imminent apprehension of a harmful or offensive contact with that person.[9] Mr. Mustafa must have believed that the act would result in imminent harmful or offensive contact. A harmful contact is one that causes physical impairment of the condition of another's body, physical pain, or illness. An offensive contact is one that offends a reasonable sense of personal dignity. The act must be done by a defendant intentionally, wantonly, or without the exercise of due care.

## III.    DAMAGES

### A. General Instructions

If you find that the Defendant is liable to Mr. Mustafa as to either or both of his claims, then you must determine the amount of money to award to Mr. Mustafa as damages.

Before I instruct you on the issue of damages, a few words of caution are in order. If you find that the Defendant is not liable for either of Mr. Mustafa's claims, then you do not need to consider the subject of damages. The fact that I am telling you about the law of damages does not mean that I believe that you will, or should, find damages for Mr. Mustafa. Rather, my

---

[9] *Margolies v. Millington*, No. 16-CV-1872 (JCH), 2019 WL 1110793, at *6 (D. Conn. Mar. 11, 2019) (quoting Connecticut Judicial Branch Civil Jury Instructions § 3.13-1, Assault). ("In Connecticut, a civil assault is: 'an act that causes another person to be placed in imminent apprehension of a harmful or offensive contact with that person. The plaintiff must have believed that the act would result in imminent contact unless prevented by self-defensive action or flight or the intervention of some outside force.... The act must be done by the defendant intentionally, wantonly, or without the exercise of due care.'")

instructions include both liability and damages because I must give you instructions on all the issues in the case.

With respect to the damages claimed, as with every other matter before you, you can award only such damages as are justified by the proof and the law. The burden is on Mr. Mustafa to satisfy you by a fair preponderance of the evidence as to the extent and nature of the losses she suffered as a result of the acts of the Defendant. It is not the Defendant's burden to disprove the claimed losses. Our law permits counsel for any party to argue to the jury his or her view of the proper amount of damages. You should understand that what a lawyer says about the amount of damages is not evidence, but only argument and the determination of the amount to be awarded, if any, is solely your function and in your deliberations you may accept or disregard his or her argument on the amount of damages.

I will now explain the different types of damages that may apply.

### B.  Compensatory Damages

The purpose of money damages is to compensate Mr. Mustafa for the damages inflicted on him for any violations of the law that he has proven. Compensatory damages are limited to restoring to a plaintiff, as far as money can, what he lost because of the harm he suffered. They are not awarded to punish a Defendant for its unlawful actions.

The law places the burden on Mr. Mustafa to prove facts that will enable you to arrive at the amount of damages with reasonable certainty. This is not a requirement of mathematical precision, and you are permitted to determine the amount of damages by estimation or approximation, as long as Mr. Mustafa provides you with a reasonable basis for such estimation or approximation, such that you are not required to make a calculation by guessing or speculation. You should be guided by dispassionate common sense. Compensatory damages

must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

You shall award damages only for those injuries that you find Mr. Mustafa has proven by a preponderance of the evidence. Moreover, you may not simply award damages for any injury suffered by Mr. Mustafa—you must award damages only for those injuries that are a proximate result of conduct by the Defendant that violated Mr. Mustafa's rights under the Eighth Amendment. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury.

There are two types of compensatory damages: economic and non-economic. Economic damages are monies awarded to compensate for monetary losses that the plaintiff incurred as a result of the defendant's unlawful conduct. Non-economic damages are monies awarded for non-monetary losses that the plaintiff suffered, or is reasonably likely to suffer in the future, as a result of the defendant's unlawful conduct, including physical, mental, and emotional pain and suffering, humiliation, injury to reputation, anxiety, loss of enjoyment of life, and/or anguish.

As I mentioned, non-economic damages compensate for non-monetary injuries, such as emotional pain and suffering, humiliation, injury to reputation, anxiety, loss of enjoyment of life, and/or anguish, that the plaintiff has proved, by a preponderance of the evidence, that he experienced and/or is reasonably likely to experience in the future as a result of the Defendant's unlawful conduct.

No evidence of the monetary value of such intangible things as emotional pain and suffering need be introduced into evidence. Nor must Mr. Mustafa prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. There is no exact standard for setting the amount to be awarded for these kinds of

damages. Instead, any award you make should be fair and reasonable in light of all of the

evidence presented at trial, and should be guided by common sense, not bias, passion, sympathy,

speculation, or guesswork. You must use your best judgment, remembering always that it is

incumbent upon Mr. Mustafa to prove by a preponderance of the evidence that she suffered

damages and the amount of damages to which she is entitled. Counsel may have stated a certain

sum of money that they think you should award, but that argument is not evidence, and the

award of damages is within your discretion.

Double Recovery

I have said that, if you return a verdict for Mr. Mustafa, you must award him a sum of

money that you believe will fairly and justly compensate him for any injury you believe he

actually sustained as a direct result of the Defendant's conduct. In this case, Mr. Mustafa claims

that the Defendant violated his rights under the Eighth Amendment by demonstrating a

deliberate indifference to his serious medical needs and subjected him to an intentional infliction

of emotional distress. If you find that the Defendant did, in fact, violate more than one of Mr.

Mustafa's rights, you must remember in calculating the damages that Mr. Mustafa is entitled to

be compensated only for injuries he actually suffered. Thus, if the Defendant violated more than

one of his rights, but the resulting injury was no greater than it would have been had the

Defendant violated only one of those rights, you should award an amount of compensatory

damages no greater than you would award if the Defendant had violated only one of Mr.

Mustafa's rights.[10] If, on the other hand, the Defendant violated more than one of Mr. Mustafa's

rights and you can identify separate injuries resulting from the separate violations, you should

---

[10] *Gentile v. Cnty. of Suffolk*, 926 F.2d 142, 154 (2d Cir. 1991) ("Duplication of recovery occurs "by compensating a single injury under two different names[.] . . . It would have been helpful if the district court had emphasized to the jury that it should not compensate for the same injury twice merely because it was caused by the violation of two different legal rights, one state and the other federal." (citations omitted)).

award an amount of compensatory damages equal to the total of the damages you believe will fairly and justly compensate Mr. Mustafa for the separate injuries she has suffered.

### C.  Nominal Damages

If you find that the Defendant violated Mr. Mustafa's rights under the Eighth Amendment, but find that he has failed to prove by a preponderance of the evidence that she suffered any actual injury or loss as a result, then you may return an award of "nominal damages" in the sum of one dollar, demonstrating that liability has been proved.

You may not award both nominal and compensatory damages to Mr. Mustafa; either he was measurably injured, in which case you must award compensatory damages, or else he was not, in which case you may award nominal damages.

### D.  Punitive Damages[11]

In addition to either compensatory or nominal damages, you may, but need not, assess punitive damages against any of the Defendant if you find in favor of Mr. Mustafa on either of his claims. An award of punitive damages is discretionary, which means that if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages or you may decide not to. In making the decision whether to award punitive damages against a Defendant, you should consider the underlying purposes of punitive damages. These purposes are to punish a Defendant for his or her extreme or outrageous conduct and to set an example in order to deter him or her and others from committing similar acts in the future.

---

[11] *Smith v. Wade*, 461 U.S. 30, 35 (1983) ("'[P]unitive damages are available in a "proper" § 1983 action . . . .'" (quoting *Carlson v. Green*, 446 U.S. 14, 22 (1980))); *Luciani v. Stop & Shop Companies, Inc.*, 544 A.2d 1238, 1241 (Conn. App. 1988) ("As a general matter, '[p]unitive damages, applying the rule in this state as to torts, are awarded when the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights.'" (quoting *Collens v. New Canaan Water Co.*, 234 A.2d 825 (Conn. 1967) then citing *Kenny v. Civil Service Commission*, 496 A.2d 956 (1985) and then citing *Vandersluis v. Weil*, 407 A.2d 982 (Conn. 1978))).

Punitive damages are intended to protect the community and to express the jury's indignation at the misconduct.

You may award punitive damages against any of the Defendant with respect to Mr. Mustafa's claims under § 1983 if you find that she or he engaged in any of the following conduct:

a. Willful, malicious, or oppressive violation of Mr. Mustafa's constitutional rights; or

b. An intentional act in gross disregard of Mr. Mustafa's constitutional rights; or

c. Reckless disregard or callous indifference as to whether she or he was violating Mr. Mustafa's constitutional rights.

An act is willfully done if done voluntarily and intentionally and with specific intent to commit such an act. An act is malicious if it is prompted by or accompanied by ill will, spite, or other improper motive. An act is oppressive if it is done in such a way as to injure or otherwise violate the rights of another with unnecessary harshness or severity. An act is reckless when it is done in such a manner and under such circumstances as to show an utter disregard for the rights of others.

In deciding whether to award punitive damages, consider whether punitive damages are necessary to punish the wrongful conduct or deter a Defendant or others from engaging in it in the future. In fixing the amount of punitive damages, you may consider all of the factors proven by the evidence, including the behavior of a Defendant at trial and whether a Defendant shows genuine repentance for any misconduct.

If you award punitive damages against a Defendant with respect to claims under § 1983, you should indicate on the Verdict Form the amount of punitive damages to be awarded, bearing in mind that the law requires that punitive damages, if awarded, must be fixed with calm

discretion and sound reason. The amount must not reflect bias, prejudice, or sympathy toward

any party, but is to be an amount you believe necessary to fulfill the purposes of punitive

damages, as I have described them.

### E. Mitigation

If you find that the Defendant violated Mr. Mustafa's constitutional rights and Mr.

Mustafa may be entitled to damages, you must determine whether Mr. Mustafa could have done

something, after the injurious conduct, to lessen the harm that he suffered.[12] On the limited issue

of whether Mr. Mustafa mitigated his damages, the burden is on the Defendant to prove, by a

preponderance of evidence, that Mr. Mustafa could have lessened the harm that was done to him,

and that he failed to do so.  If the Defendant convince you that Mr. Mustafa could have reduced

the harm done to him but failed to do so, Mr. Mustafa is entitled only to damages sufficient to

compensate him for the injury that he would still have suffered even if he had taken appropriate

action to reduce the harm done to him.

## IV.    FURTHER INSTRUCTIONS FOR DELIBERATIONS

### A. Closing Arguments

At this point, we will interrupt the instructions to hear closing arguments of counsel. I

will conclude the instructions after those summations. Remember, what the lawyers say in their

closing arguments is not evidence, but it is merely argument about what the evidence shows.

### [BREAK FOR CLOSING ARGUMENTS]

---

[12] *Rich v. Miller*, No. 21-CV-3835, 634 F. Supp. 3d 66, 75 (S.D.N.Y. Oct. 4, 2022) ("Courts have held that the duty to mitigate damages applies to plaintiffs in § 1983 actions"); *Miller v. Lovett*, 879 F.2d 1066, 1071 (2d Cir. 1989) ("There can be no duty to mitigate damages until the injury causing those damages actually occurs."), *partially abrogated on other grounds by Graham v. Connor*, 490 U.S. 386 (1989).

### B. Lawyers' Arguments Are Not Evidence

You have just heard closing arguments of counsel. I want to remind you that what the lawyers have said is not evidence, even if it seemed at times as if they were testifying. The lawyers merely presented their arguments about what the evidence has shown. Their credibility is not an issue that should enter into your decision in this case.

### V.      CONCLUSION

Your verdict must be unanimous and represent the considered judgment of each juror. Each of you must make your own decision, but you must consider impartially all of the evidence and the views of your fellow jurors. It is your duty to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with the individual judgment of each juror. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

In the course of your discussion, do not hesitate to re-examine your own individual views, or to change your opinions, if the deliberations and the views of your fellow jurors convince you to do so. But you should not surrender your honest convictions about the facts or about the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to bring an end to deliberations. Remember at all times that you are not biased; rather you are the judges of the facts, and your sole interest is to seek the truth from the evidence in this case.

You were permitted to take notes during the course of the trial. Any notes you have taken should be used only as memory aids; do not give your notes more importance than your independent recollection of the evidence. If you did not take notes, you should rely on your own memory of the proceedings and should not be unduly influenced by the notes of other jurors. The fact that a particular juror has taken notes entitles that juror's opinions to no greater weight than

those of any other juror, and your notes are not to be shown to any other juror during the course of deliberations.

When you return to the jury room, you should first elect one person to act as your foreperson who will preside over your deliberations and be your spokesperson. A verdict form has been prepared for your convenience. Focusing on the questions set forth in the verdict form will assist you in your deliberations. You must complete and return the verdict form in court when you have reached your decision. You will be asked to answer the questions in the order in which they appear on the form, and each answer must be unanimous. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date and sign the verdict form. Then inform the court security officer or courtroom deputy that you have reached a verdict. The verdict form must be used only in connection with the charge I have just given to you. The terms used in the verdict form are discussed in my instructions, and these instructions must govern your deliberations.

I want to caution you now to take your time when completing the verdict form. As you will see when you retire to the jury room, the form consists of several questions. Each question calls for either a "yes" or "no" answer or a dollar amount. Answer each question as it appears and only those questions. As you review the form, you will see that there are instructions printed in italics. Please read these instructions and follow them carefully. The italicized instructions will guide you through the verdict form.

When you go into the jury room to begin your deliberations, you will be able to review the exhibits, but you will not have a transcript of the testimony. If you want any of the testimony read to you, that can be done and will occur in open court. I encourage you to limit the recitation of testimony. It is not easy to locate specific portions of the testimony, and reading the testimony

is a time-consuming process, so please be as specific as possible if and when you decide to request a reading of testimony.

Requests that testimony be read back, as well as any other communication with the court, should be made in writing, signed by your foreperson, and given to the courtroom deputy, Ms. Murphy, or a marshal. I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I also must warn you that in your communications with the court you should never reveal your numerical division at any time.

It is proper to add a final caution.

Nothing that I have said in these instructions—and nothing that I have said or done during the trial—has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

Now, proceed to your deliberations in the jury room. Deliberate only when all of you are present. After you begin your deliberations, you are not to leave the jury room without first notifying the marshal or court security officer, who will escort you. No deliberations may take place without all jurors being present. If you bring your cell phones into the jury room, you must turn them off during deliberations. You must not research any issue nor communicate with each other or with anyone about the case through the Internet, e-mail, Blackberry, iPhone, text messaging, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, Instagram, X (formerly known as Twitter), TikTok, LinkedIn, and YouTube. Further, if at any time a juror is using the restroom facilities or on a cell phone, the other jurors must cease deliberations immediately and may not begin deliberations again until all jurors are present, and all cell phones are off.

As you deliberate, determine the facts on the basis of the evidence as you have heard it and apply the law as I have outlined it for you. Render your verdict fairly, uprightly and without a scintilla of prejudice. Take as long as you think is necessary to fairly and impartially reach your verdict.

Thank you for your attention.