UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JUSTIN C. MUSTAFA** ) | CIVIL ACTION NO. |
|       **Plaintiff** ) | 3:19-CV-1780 (VAB) |
| ) | |
| **v.** ) | |
| ) | |
| **CHRISTOPHER BYARS** ) | |
|       **Defendant** ) | OCTOBER 31, 2024 |

## MOTION FOR COSTS AND ATTORNEY'S FEES

Pursuant to Federal Rule of Civil Procedure, Rule 54 and 42 U.S.C. § 1988 and in accordance with the jury's verdict, Plaintiff, Justin Mustafa, hereby submits this Motion for Costs and Reasonable Attorneys' Fees.

In this action, Plaintiff pursued a claim for excess force (violation of the 8th Amendment) and assault against Defendant, Christohper Byars. On October 3, 2024, the jury returned a verdict in Plaintiff's favor. As part of that verdict, the jury awarded punitive damages on Plaintiff's state law assault claim. As addressed below, the amount of damages for the state law assault claim includes attorney's fees. To date, incurred fees and costs total **$87,571.80.** See Declaration of Jeffrey McDonald, attached hereto as **Exhibit A**.

In the alternative, Plaintiff seeks an order of reasonable attorney's fees in accordance with 42 U.S. Code §§ 1988(b) and 1997e as a result of the verdict in favor of Plaintiff on the claims of excess force and assault. Additional fees are likely to be incurred should there be additional motion practice.

**I.   Plaintiff's Request For a Hearing to Award Attorney's Fees pursuant to the Jury's Awarding of Punitive Damages on the State Assault Claim.**

The jury found for Plaintiff on his claim for liability for common law state assault claim. A claim for state common law assault allows for the recovery of punitive damages, as the Court

instructed the jury. The jury awarded Plaintiff compensatory damages and punitive damages. In accordance with the Court's instructions, the jury did not identify an amount of punitive damages, rather it answered "yes" that an award of punitive damages was appropriate. The amount of damages for this state assault claim includes the litigation costs and attorney's fees, as determined by the Court. *See Fenn v. Yale Univ.*, 2005 U.S. Dist. LEXIS 1827, at *18-20 (D. Conn. Feb. 8, 2005) (Droney, J); *Label Sys. Corp. v. Aghamohammadi*, 270 Conn. 291, 335-36 (2004). Further, "[a]ttorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours. The reasonable hourly rate should be what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively. This Circuit's forum rule generally requires use of the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." (Citations omitted, internal quotation marks omitted.) *Bergerson v. New York State Office of Mental Health*, 652 F.3d 277, 289-90 (2d Cir. 2011). Lastly, "[I]t is not an abuse of discretion for a court to apply local market rates. Thus, a renowned lawyer who customarily receives $250 an hour in a field in which competent and experienced lawyers in the region normally receive $85 an hour should be compensated at the lower rate." (Citations omitted.) *Peterson v. McAndrew*, 160 Conn. App. 180, 213, 125 A.3d 241 (2015).

To date, Plaintiff's counsel has incurred attorney's fees of **$85,908.00.** When representation began in 2020, the hourly fee charged for the services of partners was $395 per hour, for associates it was $350, and for paralegals it was $180. Beginning in January of 2024, those rates increased to $410, $365, and $215, respectively.

| Dates | Description Of Time Entries | Total Time in Hours For Plaintiff's Counsel |
|---|---|---|

| Dec. 18, 2020- Jan. 13, 2021 | Initial client intake; communication with client, and defense counsel, regarding status of case; review client materials | 1.8 |
|---|---|---|
| Jan. 13, 2021- Feb. 25, 2022 | Discovery and trial preparation, including preparation of damages analysis, and taking of depositions | 43.7 |
| Feb 26, 2022- Apr. 12, 2022 | Opposing defendants' motion for summary judgment | 16.4 |
| Apr 13, 2022- Sep. 15, 2022 | Discovery and trial preparation, including preservation of video evidence; correspondence with client and defense counsel regarding motion for summary judgment. | 4.1 |
| Sep. 16, 2022 - Oct. 5, 2022 | Communication with defense counsel regarding intent to appeal summary judgment decision; communication regarding defense counsel's offer to resolve with defense counsel and client; Opposing defense counsel's appeal | 1.3 |
| Oct 6, 2022 – Nov. 15, 2023 | Oppose defense counsel's appeal to Second Circuit, including preparation of appellate brief. | 6.4 |
| Nov. 16, 2023 - Jun. 24, 2024 | Mediation preparation, including obtaining and reviewing updated medical records, conferences with client regarding mediation, and communications with defense counsel. | 18 |
| Jun. 25, 2024 – Sep. 5, 2024 | Trial preparation including draft trial report, pretrial motions, joint trial report, voir dire questions. Supplementing plaintiff's medical records. Prepare trial examinations. | 14.2 |
| Sep. 6, 2024 – Sep. 29, 2024 | Trial preparation including review of trial exhibits; research and draft jury instructions; revise motions in limine; prepare trial examinations. | 50.7 |
| Sep. 30, 2024 – Oct. 3, 2024 | Prepare for and attend trial | 49.3 |
| Oct. 4, 2024 – Oct. 31, 2024 | Review verdict, and potential post-judgment argument and appellate issues, prepare post-judgment motion regarding attorney's fees | 11.3 |
| | **Total Hours** | **217.2** |
| | Partner Hours Before January 2024 | **68** |
| | Partner Hours After January 2024 | **121.9** |
| | Associate Hours Before January 2024 | **5.3** |
| | Associate Hours After January 2024 | **16.7** |
| | Paralegal Hours Before January 2024 | **.6** |
| | Paralegal Hours After January 2024 | **4.7** |

| Fees | |
|---|---|
| Partner Attorney's Fee (before January 2024) ($395 x 68 hours) | $26,860.00 |
| Partner Attorney's Fee (After January 2024) ($410 x 121.9 hours) | $49,979.00 |
| Associate Attorney's Fee (Before January 2024) (350 x 5.3 hours) | $1,855.00 |
| Associate Attorney's Fee (After January 2024) ($365 x 16.7 ) | $6,095.50 |
| Paralegal Fee (Before January 2024) ($180 x .6) | $108.00 |
| Paralegal Fee (After January 2024) ($215 x 4.7) | $1,010.50 |
| **Total Fees** | **$85,908.00** |

Further, Plaintiff incurred legal expenses for deposition transcripts as follows:

| Expense (To Be Included with Attorney's Fees) | Amount |
|---|---|
| Deposition of Captain Stanley, 10/18/21: appearance fee and transcript. | $372.01 |
| Deposition of Christopher Byars, 1/22/22: appearance fee and transcript. | $959.39 |
| Deposition of Ebonie Suggs, 1/26/22: appearance fee and transcript. | $332.40 |
| **TOTAL** | **$1,663.80** |

Pursuant to the jury's award of punitive damages, Plaintiff requests a hearing to establish the reasonable attorney's fees and litigation expenses incurred in the prosecution of this matter. To date, attorney's fees total **$85,908.00** with deposition expenses totaling $1,663.80. It is anticipated that attorney's fees and expenses will increase as post-judgment motion practice is on-going.

**II.      Standard For Award of Reasonable Attorney' Fees For Actions Brought Pursuant To 42 U.S.C. § 1988**

In the alternative, Plaintiff seeks an award of litigation costs and reasonable attorney's fee pursuant to 42 U.S.C. Section 1988(b). Under Section 1988(b) of title 42, district courts are authorized:

> in their discretion, to grant "a reasonable attorney's fee" to "the prevailing party" in an action "to enforce a provision" of various statutes, including 42 U.S.C. § 1983. This authority represents an exception to the longstanding "American Rule" that "the prevailing litigant is ordinarily not entitled to collect counsel fees from the loser." *Sole v. Wyner*, 551 U.S. 74, 77, 127 S. Ct. 2188, 167 L. Ed. 2d 1069 (2007) (internal alterations adopted) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975)). The exception was enacted to help "ensure[] the vindication of important rights . . . by making attorney's fees available under a private attorney general theory" to plaintiffs who succeed in correcting a violation of their civil rights. *Farrar v. Hobby*, 506 U.S. 103, 122, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992) (O'Connor, *J.*, concurring); *see also City of Riverside v. Rivera*, 477 U.S. 561, 577, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986) ("Congress enacted § 1988 specifically to enable plaintiffs to enforce the civil rights laws even where the amount of damages at stake would not otherwise make it feasible for them to do so.").

*Dimartile v. Hochul*, 80 F.4th 443, 450 (2d Cir. 2023). Further, "[a] prevailing party is one who obtains actual relief on the merits that alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." (citations omitted, internal quotation marks omitted) *Dimartile v. Hochul*, 80 F.4th 443, 451 (2d Cir. 2023). Here, Plaintiff was successful on his claim that Defendant violated his rights under 42 U.S.C. § 1983, receiving a jury verdict in his favor, and the court may therefore grant a reasonable attorney's fee.

"The calculation of the reasonable fee to be awarded to a prevailing § 1983 claimant pursuant to 42 U.S.C. § 1988 is to be based principally on a 'lodestar' figure, which is arrived at by multiplying 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" (citations omitted.) *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998). This requires that a district court:

> examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case. Efforts put into research, briefing and the preparation of a case can expand to fill the time available, and some judgment must be made in the awarding of fees as to diminishing returns from such further efforts. . . . In making this examination, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.

(citations omitted.) *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998). However, when Congress passed the Prison Litigation Reform Act ("PLRA"), "it imposed substantial restrictions on § 1988(b) attorney's fee awards to prevailing prisoner-plaintiffs." *Shepherd v. Goord*, 662 F.3d 603, 606 (2d Cir. 2011). The PLRA provides, in pertinent part:

> **(1)** In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 2 of the Revised Statutes of the United States (42 U.S.C. 1988), such fees shall not be awarded, except to the extent that—
>
>> **(A)** the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 2 [722] of the Revised Statutes; and
>>
>> **(B)**
>>
>>> **(i)** the amount of the fee is proportionately related to the court ordered relief for the violation; or
>>>
>>> **(ii)** the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.
>
> **(2)** Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.
>
> **(3)** No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of title 18, United States Code, for payment of court-appointed counsel.

42 U.S.C. § 1997e. The Second Circuit Court of Appeals has interpreted section 1997e as a cap on the fees that a prevailing prisoner-plaintiff may recover. See *Shepherd v. Goord*, 662 F.3d 603, 607 (2d Cir. 2011) (holding "that § 1997e(d)(2) caps the amount of attorney's fees that a prevailing prisoner-plaintiff may recover from a defendant at 150 percent of the monetary judgment awarded . . ."); *Torres v. Walker*, 356 F.3d 238, 242 (2d Cir. 2004) ("the PLRA effectively caps a defendant's

liability for attorneys' fees in a prisoner's § 1983 action at 150% of a money judgment.").

It is further within the District Court's discretion to determine the hourly rate to be used to calculate a reasonable attorney's fee. Under the Criminal Justice Act ("CJA")—18 U.S.C. § 3006A, cited to in section 1997e above—an award of attorney's fees is to be compensated "at a rate not exceeding $60 per hour for time expended in court . . . and $40 per hour for time reasonably expended out of court, unless the Judicial Conference determines that a higher rate of not in excess of $75 per hour is justified for a circuit or for particular districts within a circuit, for time expended in court or before a United States magistrate [judge] and for time expended out of court." 18 U.S.C. § 3006A (d)(1). In *Perez*, a 2009 case, the District Court found that the PLRA allowed "for an hourly rate of $138 in the Southern District [of New York]," and that neither party disagreed on that rate. *Perez v. Westchester County Dept. of Corrections*, 587 F.3d 143, 153 n.9 (2d Cir. 2009). The most recent CJA guidelines, promulgated by the Judicial Conference, provide that the maximum hourly rate for non-capital cases is $152 per hour where services were performed between 01/01/2020 through 12/31/2020. *See* Guide to Judiciary Policy, Vol. 7A, Ch. 1, § 110.30 (b); Ch. 2, § 230.16, available at https://www.uscourts.gov/sites/default/files/guide-vol07a.pdf. Plaintiff's counsel, Attorneys Jared Alfin, Jeffrey McDonald, and Forrest Noirot filed appearances on November 24, 2020, April 30, 2024, and September 30, 2024, respectively. Therefore, $152 is used due to the first appearance filed. Using the $152 per hour figure and multiplying by 150%, as provided under 18 U.S.C. § 3006A, the hourly rate at maximum is $228, the following table illustrates the total lodestar request:

| Dates | Description Of Time Entries | Total Time in Hours For Plaintiff's Counsel |
|---|---|---|
| Dec. 18, 2020-Jan. 13, 2021 | Initial client intake; communication with client, and defense counsel, regarding status of case; | 1.8 |

| | | |
|---|---|---|
| | review client materials | |
| Jan. 13, 2021-<br>Feb. 25, 2022 | Discovery and trial preparation, including preparation of damages analysis, and taking of depositions | 43.7 |
| Feb 26, 2022-<br>Apr. 12, 2022 | Opposing defendants' motion for summary judgment | 16.4 |
| Apr 13, 2022-<br>Sep. 15, 2022 | Discovery and trial preparation, including preservation of video evidence; correspondence with client and defense counsel regarding motion for summary judgment. | 4.1 |
| Sep. 16, 2022 -<br>Oct. 5, 2022 | Communication with defense counsel regarding intent to appeal summary judgment decision; communication regarding defense counsel's offer to resolve with defense counsel and client; Opposing defense counsel's appeal | 1.3 |
| Oct 6, 2022 –<br>Nov. 15, 2023 | Oppose defense counsel's appeal to Second Circuit, including preparation of appellate brief. | 6.4 |
| Nov. 16, 2023 -<br>Jun. 24, 2024 | Mediation preparation, including obtaining and reviewing updated medical records, conferences with client regarding mediation, and communications with defense counsel. | 18 |
| Jun. 25, 2024 –<br>Sep. 5, 2024 | Trial preparation including draft trial report, pretrial motions, joint trial report, voir dire questions. Supplementing plaintiff's medical records.  Prepare trial examinations. | 14.2 |
| Sep. 6, 2024 –<br>Sep. 29, 2024 | Trial preparation including review of trial exhibits; research and draft jury instructions; revise motions in limine; prepare trial examinations. | 50.7 |
| Sep. 30, 2024 – Oct. 3, 2024 | Prepare for and attend trial | 49.3 |
| Oct. 4, 2024 –<br>Oct. 31, 2024 | Review verdict, and potential post-judgment argument and appellate issues, prepare post-judgment motion regarding attorney's fees | 11.3 |
| | **Total Hours** | **217.2** |
| | **Attorney's Fees ($228 x 217.2)** | **$49,521.60** |

Lastly, Plaintiff should also be permitted to recover costs as part of the award of attorney's fees. The Second Circuit has explained that, "[a]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." (Citations omitted.) *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). In *Leblanc-Sternberg*, the court explained:

> In this case, the district judge denied the expenses claimed by plaintiffs, including expenses for "duplicating, postage, telephone, computerized legal research and other office expenses," on the ground that "*most* of these would *appear to be* attorney's ordinary overhead and . . . would not be normally charged to fee paying clients." Fee Decision at 10-11 (emphasis added). Many of the categories referred to, however, are not properly treated as overhead expenses for purposes of a fee award but are the sort of expenses that may ordinarily be recovered. *See*, *e.g.*, *Kuzma v. Internal Revenue Service*, 821 F.2d 930, 933-34 (2d Cir. 1987) ("Identifiable, out-of-pocket disbursements for items such as photocopying, travel, and telephone costs are generally taxable under § 1988 and are often distinguished from nonrecoverable routine office overhead, which must normally be absorbed within the attorney's hourly rate."); *Aston v. Secretary of Health and Human Services*, 808 F.2d 9, 12 (2d Cir. 1986) (postage, photocopying, travel, and telephone costs reimbursable under Equal Access to Justice Act, 28 U.S.C. § 2412); *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995) (reproduction and postage expenses may be recovered under § 1988); *see also United States ex rel. Evergreen Pipeline Construction Co. v. Merritt Meridian Construction Corp.*, 95 F.3d 153, 173 (2d Cir. 1996) (computerized research expenses recoverable as part of attorneys' fees, rather than as costs).

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). In other words, Plaintiff should also be permitted to recover, as part of his attorney's fees, costs related to the effective prosecution of this action. Namely, the costs related to necessary depositions. Therefore, in accordance with the above cases, 42 U.S.C. § 1988, and Federal Rule of Civil Procedure, Rule 54(d), Plaintiff seeks an order of reimbursement of those taxable costs incurred by Plaintiff in this action as follows:

| Expense<br>(To Be Included with Attorney's Fees) | Amount |
|---|---|
| Deposition of Captain Stanley, 10/18/21: appearance fee and transcript. | $372.01 |
| Deposition of Christopher Byars, 1/22/22: appearance fee and transcript. | $959.39 |
| Deposition of Ebonie Suggs, 1/26/22: appearance fee and transcript. | $332.40 |
| **TOTAL** | **$1,663.80** |

### III.  Conclusion

For the forgoing reasons, Plaintiff Justin C. Mustafa respectfully requests that the Court hold a hearing to determine reasonable litigation costs and attorney's fees in accordance with the

jury's award of punitive damages on the state law assault claim, and in the alternative, Plaintiff seeks an award of attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988(b).

        PLAINTIFF
        JUSTIN C. MUSTAFA


By:    /s/ Jeffrey O. McDonald, Esq.
        Jeffrey O. McDonald, Esq. (ct28195)
        Hassett & George, P.C.
        945 Hopmeadow Street
        Simsbury, CT 06070
        Telephone No.: (860) 651-1333
        Facsimile No.: (860) 651-1888
        Email: jmcdonald@hgesq.com

## **CERTIFICATION**

This is to certify that on the date first stated above that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through the Court's electronic system.

PLAINTIFF

By: /s/ Jeffrey O. McDonald, Esq.